CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 19, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Philip P. Rockwell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00105 |
| | ) | |
| Frederick County VA Sheriff's Office *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On November 3, 2025, Plaintiff Phillip P. Rockwell, proceeding *pro se* and *in forma pauperis*, filed an amended complaint alleging various federal constitutional and statutory claims against Defendants Frederick County Sheriff's Office ("FCSO"), the Commonwealth of Virginia ("the Commonwealth"), the Division of Risk Management within Virginia Department of the Treasury ("DRM"), VAcorp, and John Doe. This matter is before the court on Defendants' motions to dismiss for failure to state a claim and for lack of jurisdiction. (Dkts. 22, 26, 30, 31.) For the following reasons, the court will grant the Defendants' motions and will dismiss certain claims against Doe under 28 U.S.C. § 1915(e)(2)(B)(ii).

# I. Background

## A. Factual History[1]

Rockwell alleges that, in early 2009, a court bailiff sexually assaulted him in a private bathroom at the Juvenile and Domestic Relations ("J&DR") Court in Winchester, Virginia. (Am. Compl. at 5 (Dkt. 14).) Rockwell states he was fourteen years old at the time of the incident. (Dkt. 34 at 1.)

The unnamed J&DR judge asked Rockwell to do a urinalysis test. (Am. Compl. at 5.) The John Doe bailiff, who Rockwell describes as an "older 55-80 white male 5'10" to 6'4" bailiff for Frederick Co Juv Domestic Court 2009-2015 employee," volunteered to escort Rockwell to the bathroom.[2] (*Id.* at 4.) There, Doe began antagonizing Rockwell, calling him stupid, and "bragging about raping many kids before [Rockwell]." (*Id.* at 5.) Doe stared at Rockwell's genitalia for "many awkward minutes" and was "thinking of [Rockwell] sexually." (*Id.*) Rockwell alleges that Doe's goal was to rape Rockwell, get Rockwell to perform oral sex on Doe, and to "stop [Rockwell] from peeing." (*Id.*) When Doe "thought he would get caught," he took Rockwell back to court. (*Id.*) The judge would not let Rockwell tell the judge about "what the bailiff did."[3] (*Id.*)

---

[1] The facts are taken from Rockwell's amended complaint and are assumed to be true for purposes of resolving Defendants' motions to dismiss for failure to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Rockwell states for the first time in his response brief that, after Doe volunteered to accompany him to the bathroom, Rockwell "mentioned that [he] thought [he] was gonna get hurt by the bailiff, out loud to a room full of adults." (Dkt. 34 at 4.) But "parties, even when proceeding *pro se*, 'are not permitted to amend their complaints by adding allegations in an opposition brief.'" *United States v. Muse*, No. 7:22-cr-00032, 2026 WL 989111, at *3 (W.D. Va. Apr. 13, 2026) (quoting *Draper v. Ohai*, No. 7:23-cv-00248, 2025 WL 270051, at *2 n.3 (W.D. Va. Jan. 22, 2025)). Neither Rockwell's complaint nor amended complaint contains allegations that Rockwell made such statements before being escorted to the bathroom.

[3] Rockwell's response brief also alleges a range of conflicting allegations about what happened when they returned to court: (1) that Rockwell "did tell the judge and [his] attorney at the time and location of incident of what had happened" but that it "was not taken seriously"; (2) that Rockwell "attempted to tell the judge twice [b]ut he silenced [Rockwell] both

Rockwell states that he "was suppresed [sic] until now," and that he has suffered "large intrinsic injurys [sic]." (*Id.*) He alleges he has undergone "therapy and rehab hospital stays" caused by the encounter with Doe. (*Id.* at 5–6.) Rockwell also states that he reported this incident to the FBI in August 2025. (*Id.* at 7.)

**B. Procedural History**

On May 22, 2025, Rockwell filed his initial complaint in the United States District Court for the Northern District of West Virginia. (Dkt. 1.) His complaint only named one Defendant, the "State of Virginia," and brought Fourth Amendment and Fourteenth Amendment claims under 42 U.S.C. § 1983. (*Id.* at 1–2.) On October 2, 2025, District Judge Gina M. Groh transferred the case to the United States District Court for the Western District of Virginia. (Dkts. 11, 12.)

On October 21, 2025, this court granted Rockwell's motion for leave to proceed *in forma pauperis* and explained that his complaint failed to state a viable claim because the Commonwealth of Virginia is immune from suits under § 1983 and states are not "persons" within the meaning of § 1983. (Dkt. 13 at 2.) The court directed Rockwell to file an amended complaint within thirty days of the order. (*Id.* at 3.) The court provided specific instructions as to information Rockwell must include in this amended complaint and emphasized the requirement of alleging a "person" that can be held liable under § 1983. (*Id.* at 1–2.) The

times"; and (3) that Rockwell "asked [his] attorney . . . to please tell the judge that the bailiff was a pedophile, and that he did things to [Rockwell] in the bathroom," but that the attorney "left the pedophile part out when he spoke to the judge for [Rockwell]." (Dkt. 34 at 3–4.) Once again, Rockwell may not amend his complaint through his opposition brief.

court also clarified that Rockwell's amended complaint would replace his initial complaint. (*Id.* at 2–3.)

Rockwell timely filed an amended complaint on November 3, 2025, which named several additional Defendants: John Doe, Frederick County Sheriff's Office, "Virginia dept of risk management / treasury of VA,"[4] and VAcorp. (Dkt. 14 at 1.) Rockwell alleges numerous federal constitutional violations under 42 U.S.C. § 1983: (1) First Amendment freedom of speech and rights to petition and peaceably assemble; (2) Fifth Amendment due process, "just comp[ensation]," and self-incrimination clauses; (3) Sixth Amendment rights; (4) Eighth Amendment protection against cruel and unusual punishment; (5) Thirteenth Amendment protection against involuntary servitude; and (6) Fourteenth Amendment due process, equal protection, and privileges or immunities clauses.[5] (*Id.* at 5.) Rockwell also brings § 1983 claims for violations of multiple federal statutes: (1) the Health Insurance Portability and Accountability Act ("HIPAA"); (2) the Civil Rights Act; (3) the Federal Debt Collection Practices Act ("FDCPA"); and (4) the Privacy Act of 1974. (*Id.*) Finally, he cites 18 U.S.C. § 242 as another jurisdictional basis for his complaint. (*Id.* at 2.) As relief, he asks for "$100,000,000 for wrongdoing." (*Id.* at 8.)

---

[4] First, it appears that Rockwell is referring to the Division of Risk Management, which is an arm of the Virginia Department of the Treasury. Second, it is not clear from Rockwell's amended complaint whether he intends to bring claims against the Commonwealth of Virginia and the Division of Risk Management as two separate Defendants. Under the liberal construction afforded to *pro se* plaintiffs' pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court assumes that Rockwell is alleging separate claims against these two Defendants.

[5] Rockwell's amended complaint includes a list of amendments and undefined abbreviations, some of which are barely legible: "1 – speech, PA, to petition, #5 SI, DP, JC #6 sapt, cow #8 caup, #13, IS #14 RPOI, DP, EP; HIPAA, PA of 1974," then "Am 1 – Freedom of speech, to petition Amend 5# self Incrimination, Due process, Just comp . . . amend 8 – cruel and unusual punishment Amend #13 Involuntary servitude . . . amend 14 – Due process, Hipaa, Civil rights act – protection from hate crimes, FDCPA – unfair debt collection practices, Privacy act of 1974 / right to amend & consent to disclosure." (Am. Compl. at 5.) The court, liberally construing this list, presumes that each number refers to the amendment of the federal Constitution and that Rockwell alleges a § 1983 claim for each of these amendments.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over a complaint. *See* Fed. R. Civ. P. 12(b)(1). A defendant may bring either a facial or factual challenge to subject matter jurisdiction. *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). A facial challenge "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted). On the other hand, a factual challenge disputes the truth of the factual predicate of subject matter jurisdiction. *See id.* For both types of challenges, "[t]he burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

A Rule 12(b)(2) motion seeks to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). When a court addresses a Rule 12(b)(2) motion without holding an evidentiary hearing, "the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). That is, the court "must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Id.* (citing *Sneha Media & Ent., LLC v. Assoc. Broad. Co. P Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018)).

"When a sovereign properly asserts its sovereign immunity in a suit, the federal courts lack jurisdiction to proceed any further against it." *Jackson Creek Marine, LLC v. Maryland*, 153 F.4th 423, 428–29 (4th Cir. 2025). The sovereign immunity doctrine "is best understood as

'somewhat of a hybrid between subject matter and personal jurisdiction.'" *Id.* at 429 n.4 (quoting *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019)).

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In analyzing a Rule 12(b)(6) motion, the court accepts all well-pled facts as true and draws all reasonable inferences in favor of the plaintiff. *See Edwards*, 178 F.3d at 244. But the court need not accept as true any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor should it consider "unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (quoting *Wahi v. Charleston Area Med. Ctr.*, Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

A court must liberally construe pleadings filed by *pro se* litigants. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). This liberal construction rule "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985). Liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). A *pro se* party, like all litigants, must still comply with the pleading requirements in the Federal Rules of Civil Procedure, *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), and "state a claim to relief that is plausible on its face," *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III. Analysis

At the outset, the court notes that Rockwell does not specify which causes of action he alleges against each Defendant. Accordingly, the court will assume that he intends to bring all claims against all five named Defendants.

### A. Sovereign Immunity Defense for the Commonwealth, FCSO, and DRM

The Fourth Circuit has recognized that "Eleventh Amendment immunity is a jurisdictional issue that must be decided at the earliest stage of litigation." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). "Because sovereign immunity is a jurisdictional doctrine, when presented with a claim of sovereign immunity and a defense on the merits, a court 'must generally . . . decide[] [sovereign immunity] first.'" *Yampierre v. Baltimore Police Dep't*, No. CV ELH-21-1209, 2023 WL 6049489, at *41 (D. Md. Sept. 15, 2023) (alteration in original) (quoting *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019)). Thus, this court will begin by addressing the sovereign immunity defenses raised by the Commonwealth, FCSO, and DRM (collectively, "the State Defendants").

Courts have long recognized that the Eleventh Amendment of the Constitution prohibits private citizens from bringing suits in federal court against a nonconsenting state for money damages. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Adams v. Ferguson*, 884 F.3d 219, 224 (4th Cir. 2018); U.S. Const. amend. XI. "[S]overeign immunity bars suit not only against a state, but also against an instrumentality of a state, such as a state agency, sometimes referred to as an 'arm of the state.'" *Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 410 (D. Md. 2022) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984)).

Here, DRM and FCSO are both "arms of the state" entitled to sovereign immunity. DRM is within the Virginia Department of Treasury, a state agency, and exercises the agency's powers and duties. *See* Va. Code Ann. §§ 2.2-1832, 2.2-1800. Because Virginia state agencies are entitled to sovereign immunity, DRM is also afforded sovereign immunity. *See Shephard v. Diamond*, No. 7:24-cv-00244, 2025 WL 906792 (W.D. Va. Mar. 25, 2025), *aff'd*, No. 25-1424, 2025 WL 2952593 (4th Cir. Oct. 20, 2025) (holding that a division of a Virginia state agency is "entitled to the same sovereign immunity as the state of Virginia"); *see also Gray v. Laws*, 51 F.3d 426, 433 (4th Cir. 1995) ("[A] determination that the state treasury will be liable for a particular judgment is largely, if not wholly, dispositive of entitlement to Eleventh Amendment immunity . . . ."). As for FCSO, "[i]t is well settled that, in Virginia, suits against . . . the Sheriff's Office[] are considered suits against the state." *Bell v. City of Roanoke Sheriff's Off.*, No. 7:09-cv-00214, 2009 WL 5083459, at *2 (W.D. Va. Dec. 23, 2009); *see Cadmus v. Williamson*, No. 5:15-cv-00045, 2016 WL 1047087, at *4 (W.D. Va. Mar. 10, 2016); *see also Bland v. Roberts*,

730 F.3d 368, 389–91 (4th Cir. 2013) (affirming the district court's ruling that a Virginia sheriff is entitled to Eleventh Amendment immunity). Thus, both DRM and FCSO may invoke state sovereign immunity as a defense to Rockwell's claims.

Congress has the power to abrogate a state's Eleventh Amendment immunity, but the Supreme Court has held that § 1983 did not have that effect. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). Additionally, while states can waive their sovereign immunity as to certain claims and thus consent to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999), Virginia has not waived its sovereign immunity for actions under § 1983, *see, e.g.*, *Saphilom v. Fairfax Cnty. Police*, No. 3:23-cv-00562, 2024 WL 4863296, at *4 (E.D. Va. Nov. 21, 2024). Because there is no waiver or abrogation of Eleventh Amendment immunity, and because Rockwell only seeks monetary damages, the State Defendants are immune from each of Rockwell's claims.[6]

Accordingly, all of Rockwell's § 1983 claims against FCSO, DRM, and the Commonwealth of Virginia will be dismissed without prejudice on grounds of sovereign immunity.[7]

---

[6] Even if DRM and FCSO could not invoke sovereign immunity, Rockwell's claims against them would likely still be dismissed on the grounds that neither entity is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989) (holding that states, governmental entities considered "arms of the state," and state officials acting in their official capacities are not "persons" under § 1983). Moreover, Virginia sheriff's offices like FCSO lack the capacity to be sued. *See Frye v. Jenkins*, No. 3:22-cv-00070, 2023 WL 4670332, at *2 (W.D. Va. July 19, 2023) (collecting cases).

[7] The Fourth Circuit has repeatedly recognized that "a dismissal based upon Eleventh Amendment immunity [is] without prejudice." *Hong Tang v. Univ. of Baltimore*, 782 F. App'x 254, 255 (4th Cir. 2019) (unpublished); *see Lancaster v. Sec'y of Navy*, 109 F.4th 283, 295 (4th Cir. 2024); *Allen v. Cooper*, 895 F.3d 337, 358 (4th Cir. 2018).

**B. 18 U.S.C. § 242 Claims**

Rockwell also asserts 18 U.S.C. § 242 as a "jurisdictional" or "federal legal basis" for his claims. (Am. Compl. at 2.) However, this statute is the *criminal* counterpart to § 1983 and does not provide a private cause of action. *See Capps v. Long*, No. 20-6789, 2021 WL 4843568, at *2 (4th Cir. Oct. 18, 2021) (unpublished) ("[Section] 242 of Title 18 of the United States Code, however, [is a] federal criminal statute[], and [plaintiff] has not shown that these statutes give rise to civil liability or authorize a private right of action."); *see Curry v. Weiford*, 389 F. Supp. 2d 704, 714 (N.D.W. Va. 2005); *see also Doe v. Broderick*, 225 F.3d 440, 447−48 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group."). Moreover, § 242 imposes liability on individuals who have "subject[ed] any person . . . to the deprivation of any rights, privileges, or immunities . . . or to different punishments, pains, or penalties, *on account of such person being an alien, or by reason of his color, or race*." 18 U.S.C. § 242 (emphasis added). Rockwell does not allege any facts about discrimination or deprivation of rights on the basis of his citizenship status, color, or race. Accordingly, this claim will be dismissed with prejudice.

**C. Claims Against VAcorp**

Rockwell sues VAcorp as "Insurer for 5 N. Kent St Winchester VA . . . where incident took place." (Am. Compl. at 4.) However, Rockwell does not allege any facts about VAcorp's actions or liability—much less any facts suggesting that VAcorp is liable to Rockwell for

violations of the listed federal constitutional and statutory provisions. Accordingly, all § 1983 claims against VAcorp will be dismissed without prejudice.

**D. Claims Against John Doe**

After granting the Defendants' motions to dismiss, (Dkts. 22, 26, 30, 31), the only claims remaining are against the unnamed, unserved Defendant, John Doe. To the extent that Rockwell brings a § 1983 claim against Doe based on violations of HIPAA, Privacy Act, FDCPA, Civil Rights Act, First Amendment, Fifth Amendment, Sixth Amendment, or Thirteenth Amendment, the court will dismiss such claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for the following reasons.[8]

1. <u>HIPAA Claims</u>

Similar to Rockwell's 18 U.S.C. § 242 claim, it is well-settled that there is no private right of action under HIPAA that enables Rockwell to sue Doe or any of the Defendants. *See Segen v. Buchanan General Hosp., Inc.*, 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[I]t is clear that a private right of action does not exist based upon HIPAA violations."); *Matthews v. Gee*, No. 3:17-cv-00032, 2017 WL 939323, at *5 (E.D. Va. Mar. 9, 2017) (collecting cases). HIPAA regulations are enforceable by the Secretary of Health and Human Services, not by private individuals like Rockwell. 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6(a)(2). Nor can a patient sue

[8] The court must dismiss a complaint filed *in forma pauperis* at any time the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006); *see also Richardson v. Rosyln Child. Ctr.*, 126 F. App'x 99, 2005 WL 847920, at *1 (4th Cir. Apr. 13, 2005) (unpublished per curiam decision) (affirming the district court's dismissal of some claims and some defendants under 28 U.S.C. § 1915(e)(2)(B)); *Firewalker-Fields v. Hill*, No. 1:19-cv-00626, 2021 WL 3216464, at *2 (E.D. Va. July 28, 2021) ("[W]here, as here, a plaintiff is proceeding *in forma pauperis*, a district court may dismiss an action—in whole or in part—when it determines the plaintiff has failed to state a claim for relief.").

under § 1983 to enforce HIPAA provisions. *See Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021). The court will therefore dismiss the § 1983 HIPAA claim against Doe.

2. Privacy Act Claims

Rockwell also fails to state a claim under the Privacy Act of 1974. Provisions of this statute apply only to federal agencies. *See* 5 U.S.C. § 552(a). Because neither Doe nor any of the other Defendants are federal agencies, the Privacy Act does not apply. *See Brown v. Prince George's Hosp.*, 2009 WL 8660081, at *2 (D. Md. Nov. 4, 2009), *aff'd*, 458 F. App'x 260 (4th Cir. 2011); *Matthews*, 2017 WL 939323, at *5 (collecting cases). Accordingly, the court will dismiss the § 1983 claim against Doe based on a Privacy Act violation.

3. FDCPA Claim

The FDCPA protects consumers against "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. None of Rockwell's allegations—in his initial or amended complaint—relate to debt collection. The court will dismiss the § 1983 FDCPA claim against Doe.

4. Civil Rights Act Claim

Finally, Rockwell alleges that Defendants violated his rights under the "Civil Rights Act." (Am. Compl. at 5.) It appears that Rockwell is referring to the Civil Rights Act of 1964, which was enacted "to prevent . . . discrimination in voting, as well as in places of accommodation and public facilities, federally secured programs and in employment." *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 246 (1964). The statute protects against discrimination on the basis of race, color, religion, sex, or national origin. *Sanford v. City of*

*Franklin*, No. 3:21-cv-00046, 2022 WL 4451332, at *8 (E.D. Va. Sept. 23, 2022), *aff'd*, No. 22-2273, 2023 WL 6567884 (4th Cir. Oct. 10, 2023). It is unclear what particular claims Rockwell asserts; he merely references the Act's "protection from hate crimes." (Am. Compl. at 5.) Even construed liberally, Rockwell does not allege any facts suggesting Doe discriminated against him based on any protected characteristics. Accordingly, the court will dismiss the § 1983 Civil Rights claim against Doe.

5. Constitutional Claims

Even under the deference afforded to *pro se* plaintiffs, Rockwell's amended complaint is devoid of any facts suggesting that John Doe violated his First Amendment rights, Fifth Amendment rights, Sixth Amendment rights, or Thirteenth Amendment rights.

Rockwell does not allege any facts suggesting that Doe infringed on his First Amendment rights to free speech, petition and assembly; or his Sixth Amendment rights to a speedy and public trial and confrontation of witnesses. Nor does he allege any Fifth Amendment violations. "The Fifth Amendment right against self-incrimination applies only when the accused is compelled to make a testimonial communication that is incriminating," and Rockwell does not allege that Doe compelled him to make such a communication. *United States v. Sweets*, 526 F.3d 122, 127 (4th Cir. 2007) (cleaned up). The Fifth Amendment just compensation clause prohibits the taking of private property for public use without just compensation, but Rockwell does not allege that anyone took his private property. U.S. Const. amend. V. The Fifth Amendment due process clause only applies to federal actors. *See Winfield v. Bass*, 106 F.3d 525, 530 n.2 (4th Cir. 1997). Doe is allegedly a *state* actor, and Rockwell brings

no claims against the federal government. Finally, the amended complaint does not allege a Thirteenth Amendment violation because this amendment prohibits involuntary servitude except as punishment for a crime. U.S. Const. amend. XIII. Rockwell does not allege that he was forced to work "by the use or threatened use of physical coercion." *Herndon by Herndon v. Chapel Hill-Carrboro City Bd. of Educ.*, 89 F.3d 174, 181 (4th Cir. 1996); *see Harden v. Bodiford*, 442 F. App'x 893, 895 n.2 (4th Cir. 2011). Thus, the court will *sua sponte* dismiss these claims against John Doe under § 1915(e)(2)(B)(ii).

The court will not, however, dismiss Rockwell's § 1983 claims against John Doe alleging violations of the Fourteenth Amendment and Eighth Amendment at this time. That said, these claims cannot proceed if Rockwell does not at least identify <u>and</u> serve John Doe.

As the Western District of Virginia Pro Se Handbook states:

> If you cannot identify and serve one of your defendants, you will not be able to prevail in your lawsuit against that person or entity (service of process will be explained more fully in the next section). It is your responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom you believe caused you to be injured.

*See Pro Se* Handbook, United States District Court, Western District of Virginia, at 11 (last revised December 2023), https://www.vawd.uscourts.gov/filing-without-an-attorney/pro-se-handbook/. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Far more than 90 days have passed since Rockwell's amended complaint was filed. This memorandum

opinion serves as notice to Rockwell that he must serve John Doe and provide proof of such service **within 30 days** of the date of the order accompanying this memorandum opinion. If Rockwell does not serve John Doe and file proof of such service within this period, the court will dismiss without prejudice all of Rockwell's claims against John Doe.

## IV. Conclusion

For the foregoing reasons, the court will grant Defendants' motions to dismiss Rockwell's amended complaint. (Dkts. 22, 26, 30, 31.) Rockwell's 18 U.S.C. § 242 claims against all Defendants will be dismissed with prejudice. His § 1983 claims against the FCSO, DRM, and Commonwealth will be dismissed without prejudice on sovereign immunity grounds. His § 1983 claims against VAcorp will be dismissed without prejudice for failure to state a claim.

To the extent Rockwell alleges § 1983 claims against John Doe for violations of the Fourteenth Amendment due process clause and the Eighth Amendment cruel and unusual punishment clause, the court will not *sua sponte* dismiss these two claims at this time. All other claims against Doe will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Rockwell may only proceed with his § 1983 Eighth Amendment and Fourteenth Amendment claims against Doe if he serves Doe and files proof of such service **within 30 days** of the date of the accompanying Order. If he does not timely file proof of service, all of Rockwell's claims against Doe will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

An appropriate Order will issue.

**ENTERED** this 19th day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE